UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EUGENE GAGE,<br><br>    Plaintiff,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Defendant. | Case No. 24-cv-02100-HSG<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING AS MOOT REQUEST FOR COUNSEL AND FOR LEAVE TO ENTER EVIDENCE; DENYING CERTIFICATE OF APPEALABIITY**<br><br>Re: Dkt. No. 6 |

Petitioner, an inmate at California State Prison – Solano, filed this *pro se* action seeking a writ of habeas corpus, arguing that his custody violates the federal and state constitutional due process and equal protection clauses. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243. Petitioner has paid the filing fee. Dkt. No. 9.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus on behalf of a prisoner who is in custody in violation of the Constitution or law of the United States. 28 U.S.C. § 2241(c). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petition**

According to the petition, in 1983, Petitioner was convicted of capital murder by a jury and subsequently sentenced by the state trial court, but neither the conviction nor the sentence are valid because the state courts never entered a judgment of conviction. Petitioner argues that the failure to enter a judgment of conviction means that there was no final disposition of guilt and effectively

1  constitutes "abandonment of prosecution," and therefore requires the dismissal of the underlying
2  state court criminal case, C No. 79195, and the expungement "of all state and federal action
3  records arising therefrom, or remand in accordance appropriately instructing the lower Court."
4  *See generally* Dkt. No. 1.

**C.     Case No. 23-cv-02395 HSG, *Gage v. Matteson* ("*Gage I*")**

Petitioner has previously challenged his custody as invalid on the grounds that the the state court never entered a judgment of conviction in C No. 23-cv-02395 HSG, *Gage v. Matteson* ("*Gage I*"). In *Gage I*, Petitioner alleged the following:

> The petition alleges that the state court failed to enter a judgment of conviction on the record and that the CDCR and Warden Matteson therefore have no jurisdiction to detain Petitioner because (1) California state law, specifically Cal. Penal Code §§ 1191 *et seq.*, Cal. Penal Code §§ 1202a, 1213(a), 1216, require a judgment of conviction before a person may be detained; (2) state court precedent holds that a warden is without authority to receive or maintain custody of a person without having received a judgment of conviction, citing to *Ex Parte Dobson*, 31 Cal. 497, 499; *In re Application of Bost*, 214 Cal. 150, 153-54 (Cal. 1931); *People v. Sourisseau*, 62 Cal.App.2d 917, 929 (1944); *People v. Banks*, 53 Cal.2d 370, 383 (Cal. 1959); *People v. John*, 36 Cal. App.5th 168, 175 (Cal. Ct. App. 2019), and holds that an abstract is not a judgment of conviction, citing to *People v. Mitchell*, 26 Cal. 4th 181, 186 (Cal. 2001); *People v. Mesa*, 14 Cal.3d 466, 471 (Cal. 1975); *People v. Williams*, 103 Cal. App. 3d 507, 517 (Cal. Ct. App. 1980); and (3) federal law holds that a sentence is not final until a judgment is signed by the judge and entered by the clerk, citing to Fed. R. Crim. P. 32(k)(1); *Payne v. Madigan*, 274 F.2d 702, 704 (9th Cir. 1960); *United States v. Arpaio*, 951 F.3d 1001, 1004 (9th Cir. 2020) and Petitioner's continued detention by Respondent violates due process and equal protection. Petitioner also argues that his conviction should be expunged because none of the reviewing courts had jurisdiction to review his conviction since there was no final appealable order, citing to *United States v. Battista*, 418 F.2d 572 (3d Cir. 1969); *Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1288 (9th Cir. 2004); *People v. Gill*, 61 F.3d 688, 693 n.1 (9th Cir. 1995); *United States v. Ripsinski*, 20 F.3d 359, 361-62 (9th Cir. 1994).

*Gage I*, Dkt. No. 11 at 2. This Court dismissed *Gage I* for failure to state a claim for federal habeas relief because federal habeas relief does not lie for errors of state law; because the federal criminal procedural rules and federal cases cited by Petitioner govern convictions in federal court and do not govern convictions in California courts; because the alleged failure to enter a judgment on the record did not state a violation of either the Due Process Clause or the Equal Protection Clause; and because Petitioner was incorrect that the amended abstract of judgment did not allow the CDCR or Respondent to take him into, and retain him in, custody, and the sufficiency of the abstract in allowing the CDCR to retain Petitioner in custody was a matter of state law, which did not state a claim for federal habeas relief.

2

**D.      Petition**

This petition must be dismissed as second or successive because Petitioner has presented the same claim in a prior petition for a writ of habeas corpus. 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). To the extent that Petitioner argues that he is raising new arguments as to why the lack of a judgment of conviction renders his custody invalid, the Court finds that the arguments raised are substantively identical. *Compare* Dkt. No. 1 *with Gage I*, Dkt. No. 1. Regardless, this petition remains "second or successive" within the meaning of § 2244 because "the facts underlying the claim occurred by the time of the initial petition, [] and . . . the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007), and *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)); *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (habeas petition second or successive if raises claims that were or could have been adjudicated on merits in prior petition). "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Chades v.*

3

1  *Hill*, 976 F.3d 1055, 1056-57 (9th Cir. 2020) (district court is "without power" to entertain secon

2  or successive petition unless petitioner first receives authorization from court of appeals).

3        Petitioner appears to allege that he is entitled to the exception set forth in 28 U.S.C. §

4  2244(b)(2)(B), conclusorily stating that he has presented a "'compelling claim of actual

5  innocence.'" Dkt. No. 1-1 at 8. However, the innocence gateway of *Schlup v. Delo*, 513 U.S. 298

6  (1995) does not provide a gateway past Section 2244(b)(2)'s successive petition restrictions, as

7  Section 2244(b)(2)(B)'s requirements for a second or successive application are stricter than the

8  *Schlup* standard in two ways:

> First, § 2244(b)(2)(B)(i) requires that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." There is no requirement under *Schlup* that the factual claim was not discoverable through the exercise of due diligence. Second, § 2244(b)(2)(B)(ii) requires that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." (Emphasis added.) *Schlup* requires only that an applicant show that it is "more likely than not" that no reasonable fact-finder would have found him guilty.

15  *Charboneau v. Davis*, 87 F.4th 443, 453 (9th Cir. 2023) (quoting *Cooper v. Woodford*, 358 F.3d

16  1117, 1119 (9th Cir. 2004)). In addition, a conclusory statement is insufficient to "establish by

17  clear and convincing evidence that, but for constitutional error, no reasonable factfinder would

18  have found the applicant guilty of the underlying offense." Finally, Petitioner overlooks the fact

19  that the jury found him guilty based on the evidence presented at trial: any alleged failure to enter

20  a judgment of conviction after the trial concluded would not make it "more likely that not" that a

21  jury would not have found him guilty.

22        Regardless, here, the alleged facts underlying the claims in the action – that no judgment of

23  conviction has been entered – were known to Petitioner by the time of *Gage I* and the claims

24  raised here could have been adjudicated in *Gage I*. This petition is therefore second or successive

25  within the meaning of 28 U.S.C. § 2244(b) and must be dismissed. 28 U.S.C. § 2244(b); *Brown*,

26  889 F.3d at 667; *Woods*, 525 F.3d at 888.

## CERTIFICATE OF APPEALABILITY

28        The federal rules governing habeas cases brought by state prisoners require a district court

that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the petition for a writ of habeas corpus as second or successive, DENIES the pending motions as moot, and DENIES a certificate of appealability. Judgment is entered in favor of Respondent and against Petitioner. The Clerk is directed to close the case.

This order terminates Dkt. No. 6.

**IT IS SO ORDERED.**

Dated: 9/18/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge